IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO.: 5:20-cv-00084-KDB-DSC

MATTHEW MCPHERSON,

                 Plaintiff,

vs.

AUTO-OWNERS INSURANCE COMPANY and OWNERS INSURANCE COMPANY,

                 Defendants.

**CONSENT PROTECTIVE ORDER**

Pursuant to the Federal Rules of Civil Procedure, the stipulation of the parties to this action that certain discovery material is and should be treated as confidential, and the agreement between the parties to the terms of this Order, IT IS ORDERED:

1. **Discovery Material.** This Order governs the production and handling of information contained in or derived from documents or testimony ("Discovery Material") disclosed by any party or third-party ("Disclosing Party") to any party or third-party ("Receiving Party").

2. **Confidential Discovery Material.** A Disclosing Party may designate as Confidential any Discovery Material that counsel for the Disclosing Party, in good faith, determines is protected from unprotected disclosure under applicable law, including information protected from public disclosure by statute, medical information, sensitive personal information, trade secrets, or confidential research, development,

or commercial information. Discovery Material may be so designated by stamping or marking every page of every confidential document, whether physical or electronic, that is produced as confidential in a manner that will not interfere with the document's legibility ("Confidential Discovery Material"). The designation may include the case name, the court, the docket number, and the phrase "confidential and subject to protective order." If documents are being produced in electronic format, the designation may be in the form of a large watermark placed diagonally across the document and the document may be rendered non-editable.

3. **Copies.** All copies, duplicates, extracts, summaries, or descriptions of Confidential Discovery Materials shall be designated "CONFIDENTIAL" by the copying party and shall be treated as Confidential Discovery Materials pursuant to the terms of this Order.

4. **Redactions.** Before producing Discovery Material, the Disclosing Party may redact privileged information, password information, social security numbers, or financial account numbers. The Disclosing Party shall produce a privilege log pursuant to Paragraph 13.

5. **Deposition Testimony.** All oral deposition testimony shall automatically be deemed Confidential and treated as such under this Order for thirty days after counsel has received copies of the deposition transcript. Within thirty days of receipt of the transcript—or on the record during the deposition—any party may designate specific portions of the testimony Confidential consistent with the provisions in Paragraph 2.

6. **Limited Use of Confidential Discovery Material.** Each Receiving Party shall: (i) maintain Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, security, custody and use of all Confidential Discovery Material, and (ii) shall not directly or indirectly, transfer, disclose, reveal, or communicate in any way any Confidential Discovery Material or information therein to any person other than those specified in this Paragraph 6, as ordered by the Court, or permitted in writing by the Disclosing Party. Subject to the provisions of this Order, counsel for any Receiving Party shall maintain a record of those persons, excluding employees of counsel, who have reviewed or been given access to Confidential Discovery Materials, along with the original executed copies of Exhibit A. A Receiving Party may disclose Confidential Discovery Materials to:

   a. the Court and its staff;
   b. the parties, counsel of record, their law firms, and their outside messenger, copy, coding, document collection, document processing, or other clerical-service vendors not employed by a party or counsel of record;
   c. persons shown on the face of the Confidential Discovery Material to have authored the document;
   d. court reporters retained to transcribe testimony;
   e. the parties and employees of a party to this Order but only to the extent the employee's assistance is necessary to prosecute or defend this litigation and the document is necessary for the employee to aid in his area of assistance, all of whom must sign Exhibit A;

  f. employees of any party's insurer, only if the employee is directly involved in the handling of the claims at issue in this litigation, all of whom must sign Exhibit A;

  g. outside independent persons who are retained by a party to provide assistance as mock jurors or focus group members or the like, and experts or consultants retained to provide testimony or assist counsel of record, so long as such persons sign Exhibit A or a confidentiality agreement, all of whom must sign Exhibit A; and

  h. other persons to whom the Disclosing Party has consented in writing.

  7. **Filing of Confidential Materials.** Any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law. A party filing Confidential Information shall comply with Local Rule 6.1.

  8. **Objections to Designations**. A party may, at any time, object to the designation of Discovery Material as Confidential by notifying the Disclosing Party in writing. The parties must then meet and confer regarding the Confidentiality of the disputed Discovery Material. In the event agreement cannot be reached, the challenging party shall apply for an appropriate ruling from the Court. The party seeking to maintain the Discovery Materials as Confidential generally will bear the burden of proof as to such designation. The Discovery Materials designated as Confidential

shall continue to be treated as such and subject to this Consent Discovery Management and Protective Order pending determination by the Court of the merits of any such challenge. If the Court upholds such a challenge and enters an order that particular Discovery Materials are not entitled to the Confidential designation, the Discovery Materials shall nevertheless continue to be treated as Confidential, as applicable, and subject to the terms of this Consent Discovery management and Protective Order, for twenty days following the entry of such order to enable the Disclosing Party to seek review and a stay of such order.

9. **Subpoena of Confidential Discovery Material.** Nothing in this Order shall prevent the parties from responding to a validly issued subpoena or order from a court of competent jurisdiction that seeks disclosure of Confidential Discovery Material. The party responding to a subpoena or order must, at least five business days before responding to the subpoena or order, provide written notice to the Disclosing Party. The person or entity issuing the subpoena must sign an affidavit in the form of Exhibit A before any Confidential Discovery Material can be disclosed.

10. **Third-Party Productions.** Third parties producing documents in this action may also designate Discovery Material as Confidential subject to the same protections and constraints as the parties to the action. A copy of the Consent Discovery Management and Protective Order shall be served with any subpoena served in this action. All documents produced by third parties shall be treated as Confidential for a period of fourteen days from the date of their production, and during that period

5

any party may designate such documents and/or material as Confidential pursuant to this Order.

11. **Failures to Designate**. Confidential Discovery Material produced without a Confidential designation may be designated Confidential as soon as reasonably possible after the Disclosing Party becomes aware of the disclosure and shall thereafter be treated as Confidential, as applicable, by all to whom they have been produced. The Disclosing Party shall reproduce the document with the correct Confidentiality marking as soon as practicable. The Receiving Party may object to any such designation and challenge the designation using the procedures stated in Paragraph 8, above. A party's failure to designate Discovery Material as Confidential shall not waive a claim of Confidentiality, either as to the specific Discovery Material or as to any related Documents.

12. **Non-Waiver and Clawback**. Rule 502(d) of the Federal Rules of Evidence and all relevant interpreting case law shall govern the production of Discovery Material protected by attorney-client privilege and work product protection. Specifically, any party may demand, in writing, the return of Discovery Material containing privileged information if the party discovers it has produced a document containing privileged information and represents that the document was not intentionally produced despite awareness of its privileged nature as allowed and required by Rule 502(d). A party may also demand, subject to the procedural provisions of Rule 502, the return of non-responsive Discovery Material to the extent it is inadvertently produced in discovery.

13. **Privilege Assertion.** The parties shall generate a listing of all other ESI that is withheld or redacted on the basis of privilege or work product in electronic spreadsheet format in compliance with the Federal Rules of Civil Procedure. To limit the cost of a privilege review and make document production more efficient, the Parties agree that a privilege log need not include (1) communications between a party and its outside counsel following the filing of this lawsuit, or (2) redacted documents if the information that would appear on a privilege log is noted on the face of the document and the bibliographic information is not redacted or such information is contained in produced metadata.

14. **Document Stamping.** Each page of a produced document will have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not conceal or interfere with any information from the source document. The Bates Number for each page of each document shall also identify the Disclosing Party. In the case of materials redacted or deemed confidential, a redaction or confidentiality designation may be "burned" onto the document's image. The confidentiality designation will be burned onto the document at a location that does not obliterate, conceal, or interfere with any information from the source document.

15. **Continuing Effect and Modification Of Order.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties have

been given notice and an opportunity to be heard on the proposed modification. The obligations of this Order shall survive the termination of the action and continue to bind the parties and their counsel, which the Court will maintain continuing jurisdiction to enforce.

SO ORDERED.

Signed: October 9, 2020

David S. Cayer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO.: 5:20-cv-00084-KDB-DSC

MATTHEW MCPHERSON,

                Plaintiff,

vs.

AUTO-OWNERS INSURANCE COMPANY; OWNERS INSURANCE COMPANY,

                Defendants.

**EXHIBIT A TO PROTECTIVE ORDER**

    The undersigned hereby acknowledges that he or she has read the Consent Protective Order (the "Order") dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of North Carolina in matters relating to the Order and understands that the terms of the Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

    The undersigned acknowledges that violation of the Order may result in judicially-imposed penalties, including contempt of court.

    Name:

    Job Title:

    Employer:

    Business Address:

9

Date: _____    _____
                             Signature